# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ORLANDO CLARK                                                                                   PLAINTIFF

v.                                              2:17cv00087-JLH-JJV

CITY OF WYNNE; *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the magistrate judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Orlando Clark ("Plaintiff") is a former detainee of the Cross County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He filed his original Complaint while he was still confined there, alleging he was being denied medical care and subjected to unconstitutional conditions of confinement. (*Id*. at 4-5.) I cautioned Plaintiff that his original Complaint was deficient and offered him an opportunity to file a superseding amended complaint. (Doc. No. 4.) Plaintiff has apparently been released from confinement and has now filed an Amended Complaint. (Doc. No. 5.) After careful review of the Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

As I noted in my prior Order (Doc. No. 4), Plaintiff's original Complaint failed to plead enough facts to state a claim to relief that was plausible on its face.  His medical care claim was factually unrelated to his conditions of confinement claim, making them unsuited for prosecution in a single action against multiple defendants.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff's medical care claim failed to include facts describing his medical needs or the treatment he sought, instead alleging only that the jail did not have a medical staff or infirmary and had ignored his requests for medical attention.  (Doc. No. 1 at 4.)  His conditions of confinement claim failed to explain how the allegedly unconstitutional conditions had affected him personally, instead alleging only that "people are getting sick."  (*Id*.)  Additionally, the only named Defendant who received specific mention in Plaintiff's "Statement of claim" was the Cross County Jail.  (*Id*. at 4-5.)  As I pointed out, as a department of local government, the jail is not a juridical entity amenable to suit under § 1983.  *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  Plaintiff's original Complaint did not levy any allegations against the other named Defendants or explain how they violated his rights.

Plaintiff's Amended Complaint does not correct any of these defects. He names all the same Defendants and his "Statement of claim" reads as follows, in its entirety: "Cross county jail is in bad shape physically and socially. I also developed a couple of health problems while there." (Doc. No. 5 at 4.) Without more, these allegations are simply insufficient to state a claim upon which relief may be granted. In addition to being totally devoid of facts, Plaintiff's Amended Complaint fails to make any allegations against any Defendant other than the Cross County Jail. As previously noted, the jail is not amenable to suit under § 1983. For these reasons, I recommend dismissal of Plaintiff's cause of action for failure to state a cognizable claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."